**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DANIEL PATRICK SHEEHAN,[1]

                Petitioner,

                v.

WARDEN LSCI ALLENWOOD,

                Respondent.

Civil Action No. 20-18887 (MAS)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Daniel Patrick Sheehan purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Although Petitioner did not initially pay the filing fee, he has now done so, and this Court is therefore required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief."

## I.    BACKGROUND

    The Third Circuit recently summarized the procedural history of Petitioner's conviction and habeas filings related to that conviction as follows:

---

[1] On the docket of this matter, the Clerk of the Court inadvertently named Petitioner as Patrick Sheehan. As Petitioner clearly identifies himself in his filings as Daniel Patrick Sheehan, this Court will refer to him as such and will direct the Clerk of the Court to amend the caption of this matter to reflect his actual name.

> [I]n 2013, [Petitioner] was convicted by a jury sitting in the Eastern District of New York of Hobbs Act extortion and use of a destructive device to commit extortion.  He was sentenced to a mandatory minimum sentence of thirty years in prison on the destructive device charge and a consecutive sentence of one month on the extortion charge.  The Court of Appeals for the Second Circuit affirmed his conviction and sentence on appeal.  *United States v. Sheehan*, 838 F.3d 109 (2d Cir. 2016).  [Petitioner] filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence.  The sentencing court denied all claims except one which it held in abeyance.  [Petitioner] later withdrew that claim.
>
> In 2018, [Petitioner] filed a petition pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania, where he is incarcerated. The District Court dismissed the petition for lack of jurisdiction.  [Petitioner] filed a timely notice of appeal.

*Sheehan v. Warden Allenwood FCI*, 800 F. App'x 84, 85 (3d Cir. 2020).  In April 2020, the Third Circuit affirmed the dismissal of his Middle District habeas petition, explaining as follows:

> Under the explicit terms of [28 U.S.C.] § 2255, a § 2241 petition [challenging a petitioner's conviction] cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." [*Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)]. [Petitioner] argued that a § 2255 motion is inadequate because the sentencing court was biased and defied Supreme Court rulings. However, in *Cradle*, we explained that
>
>> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.
>
> *Id.* at 538-539 (citations omitted).  That the sentencing court denied [Petitioner's] claims does not show that § 2255 is inadequate or ineffective.  [Petitioner's] remedy for his claims of bias and errors of law was to appeal the sentencing court's denial of his § 2255 motion to the Court of Appeals for the Second Circuit.

*Sheehan*, 800 F. App'x at 85. The Third Circuit further explained to Petitioner that neither his proposed actual innocence nor the raising of Supreme Court or circuit precedent in effect at the time he filed his § 2255 motion would be sufficient to render § 2255 inadequate or ineffective. *Id.* at 85-86. The Court of Appeals therefore affirmed the dismissal of Petitioner's § 2241 petition in the Middle District of Pennsylvania, as Petitioner could only raise his claims through a § 2255 motion filed in the court in which he was sentenced, and he could not evade that requirement by filing a purported § 2241 petition in the district of his confinement. *Id.* Petitioner thereafter filed *another* § 2241 petition in this matter raising claims which appear to substantially track those he raised in his dismissed Middle District petition. (ECF No. 1.) Petitioner was not sentenced by this Court, nor is he detained within the District of New Jersey.

## II.     **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III.   DISCUSSION

In his current petition, Petitioner seeks to challenge his criminal conviction, entered in the Eastern District of New York, through a § 2241 petition as he believes that § 2255 is inadequate or ineffective to address his claims in light of the denial of his § 2255 motion in New York and his belief both that he is actually innocent and has been subjected to misapplications of the law in his previously denied § 2255 motion. Although Petitioner was not convicted in this Court, and is not detained within the jurisdiction of this Court, he has chosen to file this petition here, presumably because his previous petition, filed in his district of confinement, was dismissed. This Court's habeas jurisdiction, however, is not unlimited.

Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). Under the limited circumstances discussed in the Third Circuit's opinion quoted above, such a prisoner may instead pursue his claims through a habeas petition brought pursuant to § 2241 "in the district of confinement" so long as he shows the § 2255 remedy to be inadequate or ineffective. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). As Petitioner was neither sentenced in this Court, nor is he currently confined within this Court's territorial jurisdiction, this Court lacks habeas jurisdiction regardless of Petitioner's asserted basis for relief - § 2255 or § 2241. To the extent Petitioner wishes to pursue relief under § 2255, he must do so through a properly filed motion in the Eastern District of New York. To the extent he instead believes himself entitled to relief pursuant to § 2241, such a petition could only be filed in his district of confinement – the Middle District of Pennsylvania. *Rodriguez*, 645 F. App'x at 112. Regardless of the proper mechanism for Petitioner's claims, it is entirely clear that this Court lacks jurisdiction over Petitioner's claims.

4

Where a district court lacks jurisdiction over a matter, the Court may either dismiss the petition without prejudice or transfer the petition to the appropriate court if doing so would be "in the interests of justice." 28 U.S.C. § 1631. In a habeas matter such as this one, a transfer would only be in the interests of justice if Petitioner's claims would be heard by the court to which they would be transferred. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (it is not within the interests of justice to transfer a habeas matter where there is "no indication" it would be permitted to proceed in the district of transfer). As Petitioner has presented this Court with no basis for concluding that he would be permitted to proceed with a successive § 2255 motion were this matter transferred to the Eastern District of New York, *see, e.g., Id.* (noting that second or successive § 2255 motions are barred unless leave of the Court of Appeals is sought and granted, and that no transfer is warranted where no attempt has been made to show that the petitioner's claims could fall within the class of claims for which leave would be granted), and as it is clear from the Third Circuit's prior opinion that no habeas jurisdiction exists to hear Petitioner's claims under § 2241 in the Middle District of Pennsylvania, this Court finds that a transfer would not be in the interests of justice. Petitioner's habeas petition (ECF No. 1) is therefore dismissed without prejudice for lack of jurisdiction.

## IV.    CONCLUSION

In conclusion, Petitioner's habeas petition is dismissed for lack of jurisdiction. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE