**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DANIEL PATRICK SHEEHAN,

    Petitioner,

v.

WARDEN LSCI ALLENWOOD,

    Respondent.

Civil Action No. 20-18887 (MAS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's motion for reconsideration of this Court's order dismissing his habeas petition for lack of jurisdiction pursuant to Rule 60(b). (ECF No. 5.) For the following reasons, Petitioner's motion is denied.

## I. BACKGROUND

On or about December 14, 2020, Petitioner filed a purported habeas petition pursuant to 28 U.S.C. § 2241 in which he sought to challenge his Hobbs Act Robbery conviction arising out of the Eastern District of New York. (ECF No. 1). On April 20, 2021, this Court dismissed that petition for lack of jurisdiction as Petitioner's conviction did not arise out of this Court and Petitioner is not detained within this Court's territorial jurisdiction; and this Court thus lacked jurisdiction over his claims regardless of whether they arose under § 2241 or 28 U.S.C. § 2255. (ECF Nos. 2-3). As this Court explained,

> Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*,

> 307 F.3d 117, 120 (3d Cir. 2002)). Under [certain] limited circumstances[,] such a prisoner may instead pursue his claims through a habeas petition brought pursuant to § 2241 "in the district of confinement" so long as he shows the § 2255 remedy to be inadequate or ineffective. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). As Petitioner was neither sentenced in this Court, nor is he currently confined within this Court's territorial jurisdiction, this Court lacks habeas jurisdiction regardless of Petitioner's asserted basis for relief - § 2255 or § 2241. To the extent Petitioner wishes to pursue relief under § 2255, he must do so through a properly filed motion in the Eastern District of New York. To the extent he instead believes himself entitled to relief pursuant to § 2241, such a petition could only be filed in his district of confinement – the Middle District of Pennsylvania. *Rodriguez*, 645 F. App'x at 112. Regardless of the proper mechanism for Petitioner's claims, it is entirely clear that this Court lacks jurisdiction over Petitioner's claims.

(ECF No. 2 at 4.)

On May 10, 2021, Petitioner filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), in which he requests that this Court reconsider the dismissal of his habeas petition. (ECF No. 5.) In that motion, Petitioner suggests that his case was dismissed only because certain portions of his habeas petition appeared to have been redacted and unsupported by case citations, and requests that this Court vacate the order dismissing his habeas petition so that he can have a "fair adjudication in a judicial forum" of his habeas petition. (*Id.* at 1.)

## II. LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud

2

or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

## III. DISCUSSION

In his current motion, Petitioner requests that this Court reconsider its decision dismissing his habeas petition for lack of jurisdiction pursuant to Rule 60(b)(1) and (b)(6), arguing that his method of highlighting his petition inadvertently obscured certain legal citations he provided in his habeas petition, which he believes resulted in the dismissal of his petition. Petitioner, however, is entirely mistaken. His highlighting and obscuring of certain citations is entirely immaterial to the reasons this Court dismissed his habeas petition – regardless of whether properly brought pursuant to § 2241 or § 2255, this Court has no jurisdiction over Petitioner's habeas petition as he neither was sentenced by this Court nor is he detained within this Court's territorial jurisdiction. *Rodriguez*, 645 F. App'x at 112. As this Court clearly lacks jurisdiction over Petitioner's habeas petition, this Court's opinion and order dismissing his petition were entirely proper, and Petitioner has failed to show any entitlement to relief under Rule 60(b). Petitioner's motion must therefore be denied.

## IV. CONCLUSION

In conclusion, Petitioner's Rule 60(b) motion (ECF No. 5) is denied. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE