**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL PATRICK SHEEHAN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>WARDEN LSCI ALLENWOOD,<br><br>　　　　　Respondent. | Civil Action No. 20-18887 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's second Motion for Reconsideration of this Court's order dismissing his habeas petition for lack of jurisdiction brought pursuant to Rule 60(b). (ECF No. 9.) For the following reasons, Petitioner's Motion is denied.

**I.   BACKGROUND**

On or about December 14, 2020, Petitioner filed a purported habeas petition pursuant to 28 U.S.C. § 2241 in which he sought to challenge his conviction arising out of the Eastern District of New York. (ECF No. 1). On April 20, 2021, this Court dismissed that petition for lack of jurisdiction as Petitioner's conviction did not arise out of this Court and Petitioner is not detained within this Court's territorial jurisdiction; and this Court thus lacked jurisdiction over his claims regardless of whether they arose under § 2241 or 28 U.S.C. § 2255. (ECF Nos. 2-3). As this Court explained,

> Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*,

>307 F.3d 117, 120 (3d Cir. 2002)). Under [certain] limited circumstances[,] such a prisoner may instead pursue his claims through a habeas petition brought pursuant to § 2241 "in the district of confinement" so long as he shows the § 2255 remedy to be inadequate or ineffective. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). As Petitioner was neither sentenced in this Court, nor is he currently confined within this Court's territorial jurisdiction, this Court lacks habeas jurisdiction regardless of Petitioner's asserted basis for relief - § 2255 or § 2241. To the extent Petitioner wishes to pursue relief under § 2255, he must do so through a properly filed motion in the Eastern District of New York. To the extent he instead believes himself entitled to relief pursuant to § 2241, such a petition could only be filed in his district of confinement – the Middle District of Pennsylvania. *Rodriguez*, 645 F. App'x at 112. Regardless of the proper mechanism for Petitioner's claims, it is entirely clear that this Court lacks jurisdiction over Petitioner's claims.

(ECF No. 2 at 4.)

On May 10, 2021, Petitioner filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), in which he requested that this Court reconsider the dismissal of his habeas petition, premised on Petitioner's mistaken belief that his petition was dismissed because portions of his habeas petition were illegible. (ECF No. 5.) This Court denied that motion by way of an opinion and order entered on May 21, 2021. (ECF Nos. 6-7.)

On June 28, 2021, Petitioner filed his second Rule 60(b) motion. (ECF No. 9). In his new motion, Petitioner argues that he should be permitted to proceed with a habeas petition challenging his conviction in this Court because his efforts to challenge his conviction in both the Eastern District of New York and the Middle District of Pennsylvania failed to bear fruit, which he believes to amount to a miscarriage of justice as he believes that his conviction was the result of a structural error arising out of his trial counsel's misdeed. (*Id.* at 2-6.)

## II. LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered

2

evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

### III. DISCUSSION

In his current motion, Petitioner requests that this Court reconsider its decision dismissing his habeas petition for lack of jurisdiction pursuant to Rule 60(b), arguing that he believes that his convictions arising out of the Eastern District of New York are the result of various errors — some of which he contends are structural — and because he believes his being unable to secure relief in the Eastern District amounts to a suspension of the writ of habeas corpus. As this Court has twice previously explained to Petitioner, however, this Court lacks any and all jurisdiction over his claims — he was neither convicted in this Court, a requirement for jurisdiction under § 2255, nor is he detained in this Court's territorial jurisdiction, which would be necessary for there to be jurisdiction under § 2241. *See Rodriguez*, 645 F. App'x at 112. As this Court clearly lacks jurisdiction over Petitioner's habeas petition, regardless of whether it must be brought pursuant to § 2255 or § 2241, this Court's opinion and order dismissing his petition were entirely proper, and

3

Petitioner has shown no basis for relief from the dismissal of his habeas petition under Rule 60(b).[1] Petitioner's motion is therefore denied.

IV. **CONCLUSION**

In conclusion, Petitioner's Rule 60(b) motion (ECF No. 9) is denied. An order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Although this Court's clear lack of jurisdiction over any and all of Petitioner's claims is sufficient to warrant the denial of Petitioner's Rule 60(b) motion, this Court notes that Petitioner is mistaken to the extent that he believes that his inability to secure relief in the proper forum amounts to a suspension of the writ of habeas corpus. A petitioner's inability to clear the habeas statute's procedural hurdles – such as the bar on second or successive motions to vacate sentence or the requirement that convictions ordinarily be challenged through a § 2255 motion in the court of conviction – does not amount to an unconstitutional suspension of the writ. *See Felker v. Turpin*, 518 U.S. 651, 665 (1996); *United States v. Brooks*, 245 F.3d 291, 292 n. 2 (3d Cir. 2001); *McKoy v. Apker*, 156 F. App'x 494, 496 (3d Cir. 2005).